UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOAH FREDDIE STEWART and PHYLLIS BURCHFIELD STEWART, <br><br> Plaintiffs, <br><br> v. <br><br> LKQ CORPORATION D/B/A LKQ SPECIALTY PRODUCTS GROUP, and KEYSTONE AUTOMOTIVE OPERATIONS, INC. <br><br> Defendants. | ) ) ) ) ) ) ) CIVIL ACTION NO. ) ) ) ) ) ) ) ) ) ) |

**DEFENDANTS LKQ CORPORATION'S AND KEYSTONE AUTOMOTIVE OPERATIONS, INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants LKQ Corporation d/b/a LKQ Specialty Products Group ("LKQ") and Keystone Automotive Operations, Inc. ("Keystone") remove this action from the Circuit Court of Cook County, Illinois on the grounds that this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because (a) there is diversity of citizenship between the Plaintiffs and Defendants and (b) the amount in controversy exceeds $75,000. In support of this removal, LKQ states as follows:

**I.      State Court Action, Timeliness of Removal, and Venue.**

1. On May 13, 2022, Plaintiffs Noah Freddie Stewart and Phyllis Burchfield Stewart ("Plaintiffs") filed a lawsuit in the Circuit Court of Cook County, Illinois styled *Noah Freddie Stewart and Phyllis Burchfield Stewart v. LKQ Corporation d/b/a LKQ Specialty Products Group and Keystone Automotive Operations, Inc.*, Case No. 2022L004340 ("State Court Action"). A copy of the State Court Action is attached as **Exhibit A**.

2. As of the date of this removal, Defendants LKQ and Keystone have not been served with the State Court Action. Accordingly, this Notice of Removal has been timely filed within thirty days of receipt by Defendants LKQ and Keystone of a copy of the Complaint and within one year of the attempted commencement of the State Court Action. *See* 28 U.S.C. § 1446(b)(1) & (c)(1).

3. Further, venue of this removal is proper under 28 U.S.C. § 1441(a) as this Court is the U.S. District Court for the district and division corresponding to the place where the state court action was pending.

## II. The Citizenship of the Parties is Diverse.

4. Under diversity jurisdiction, a lawsuit may only be removed if at the time it was filed and at the time of removal, no plaintiff shares a state of citizenship with any defendant. *See* 28 U.S.C. § 1332(a)(1).

5. Here, both Plaintiffs, who are individuals, are residents and citizens of North Carolina. (*See* Exhibit A, ¶¶ 1-2.)

6. Further, Defendant LKQ is a citizen of Delaware and Illinois, as it is a Delaware corporation with its principal place of business located in Chicago, Illinois. (*See* Exhibit A, ¶ 4.)

7. Also, Defendant Keystone is a citizen of Pennsylvania, as it is a Pennsylvania corporation with its principal place of business in Exeter, Pennsylvania, although Plaintiffs allege Keystone's principal place of business to be Illinois. (*See* Exhibit A, ¶ 5.)

8. Accordingly, removal of this action is proper because as of both the time the State Court Action was filed and as of this Notice of Removal, the Plaintiffs do not share a state of citizenship with either of the Defendants.

9. Further, removal is permissible even though LKQ is a citizen of Illinois (and Keystone is alleged to be a citizen of Illinois). This is because 28 U.S.C. § 1441(b)(2) only prevents removal when "a citizen of the State in which such action is brought" has been "properly joined and served."

10. Here, Defendants LKQ and Keystone have not been served. As such, based upon the plain language of Section 1441(b)(2), removal is not prohibited because LKQ and Keystone have not been "properly joined and served." *See, e.g., Wragge v. Boeing Co.*, 532 F. Supp. 3d 616, 621 (N.D. Ill. 2021) (interpreting Section 1441(b)(2) by its plain language and denying remand in situation where citizen of Illinois removed case prior to being served). Removal in these circumstances is commonly referred to as "snap removal." *Id.* at 620.

11. The Seventh Circuit has yet to address snap removal. Though some judges of this Court have found, contrary to *Wragge*, that snap removal is improper, most decisions of this Court have allowed snap removal. *See Tavistock Restaurant Group, LLC*, Case No. 20-cv-04364, 2021 WL 1614519, at *2 (N.D. Ill. April 26, 2021) (listing cases and discussing competing approaches). Further, allowing snap removal here is consistent with most federal appellate courts that have examined the issue. *See, e.g., Texas Brine Co. LLC v. Am. Arbitration Ass'n. Inc.*, 955 F.3d 482, 487 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 702 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F. 3d 147, 154 (3d Cir. 2018).

### III. The Amount in Controversy Exceeds $75,000.

12. For removal to be proper, the amount in controversy must exceed $75,000 on the day the lawsuit was removed. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). The removing defendant must demonstrate by a "preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." *Id.*

13. Here, Plaintiffs assert the following claims: (a) Count One - strict products liability in that the risk exceeds the utility of the product; (b) Count Two - strict products liability in that the risk violates the expectations of consumers and users of the product; (c) Count Three - breach of warranty; and (d) Count Four - loss of spousal consortium.

14. Plaintiffs also allege the following permanent and significant injuries:

3

a. Plaintiff Noah Freddie Stewart had "his back bones [] fractured and his spinal cord injured leaving him paralyzed from the waist down." (*See* Exhibit A, ¶ 17.)

b. Plaintiff Noah Freddie Stewart "has incurred in the past, and will incur in the future, medical and life care expenses for surgeries, adaptive equipment, home care and other medical care needs." (*See* Exhibit A, ¶ 24.)

c. Plaintiff Noah Freddie Stewart "has also suffered a loss of earning from the date of his injury to the date of trial; loss of future earning capacity from the date of trial over his work life expectancy; loss of function of his body from the date of his injury until the time of trial; loss of function of his body from the date of trial over his normal life expectancy; past physical and mental pain and suffering from the date of his injury to the date of trial; and future physical and mental pain and suffering over his normal life expectancy." (*See* Exhibit A, ¶ 25.)

d. Plaintiff Noah Freddie Stewart has suffered "past and future physical pain and suffering include[ing] . . . unpleasant feelings, bodily distress or uneasiness, bodily suffering, sensation or discomfort." (*See* Exhibit A, ¶ 25.)

e. Plaintiff Noah Freddie Stewart has "past and future mental pain and suffering include[ing] . . . mental anguish, nervousness, worry, anxiety, irritability, disappointment, depression, confusion, disorientation, apprehension, embarrassment, loss of enjoyment of life, a feeling of uselessness, or emotional distress." (*See* Exhibit A, ¶ 25.)

f. Plaintiff Noah Freddie Stewart has "suffered bodily injury that is permanent within a reasonable degree of medical probability and resulting pain and

4

    suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing condition." (*See* Exhibit A, ¶¶ 33, 41, 46, and 49.)

  g. Plaintiff Phyllis Burchfield Stewart "has been deprived of her right to spousal consortium and will incur those losses in the future." (*See* Exhibit A, ¶ 49.)

  15. Further, Plaintiffs have pled damages "in **excess** of FIFTY-THOUSAND DOLLARS ($50,000.00) and non-monetary relief." (*See* Exhibit A, at Wherefore Clauses, Counts One to Four (emphasis added).). They have not affirmatively pled that the amount in controversy is below $75,000. (*See id.*)

  16. For purposes of removal, these alleged damages are sufficient to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See, e.g., Cheung Chan v. Target Corp.*, Case No. 20 C 5820, 2020 WL 7319566, at * 2 (N.D. Ill. Dec. 12, 2020) (holding that the removing defendant met its burden to show the amount in controversy exceeded $75,000 where plaintiff alleged "temporary permanent disabling injuries to her head, body, mind, limbs, and nervous system" and plaintiff sought damages "exceeding" $50,000); *see also Wragge*, 532 F. Supp. 3d at 625 (holding that allegations of "severe injuries and lost wages alone are sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional minimum for diversity jurisdiction").

**IV.** **Conclusion.**

  17. Because Plaintiffs' citizenship is completely diverse from the citizenship of Defendants LKQ and Keystone, and because the amount-in-controversy exceeds $75,000, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

  18. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal

is being forwarded to counsel for Plaintiffs as identified in the attached certificate of service, and this Notice of Removal is being filed with the Circuit Court of Cook County, Illinois.

19. Finally, by filing this Notice of Removal, Defendants LKQ and Keystone expressly reserve, and do not waive any defenses they have or may have to Plaintiffs' claims, and Defendants LKQ and Keystone do not concede any of the allegations Plaintiffs have made.

WHEREFORE, Defendants LKQ and Keystone do hereby remove the above-captioned action from the Circuit Court of Cook County, Illinois, and request that further proceedings be conducted in this Court as provided by law.

Date: June 1, 2022

Respectfully submitted,

LKQ CORPORATION AND KEYSTONE AUTOMOTIVE OPERATIONS, INC.

By: /s/ Matthew A. Bills
One of their attorneys

Matthew A. Bills (ARDC #6277137)
matthew.bills@bfkn.com
Matthew F. Singer (ARDC #6284001)
matthew.singer@bfkn.com
BARACK FERRAZZANO KIRSCHBAUM
 & NAGELBERG LLP
200 W. Madison St., Ste. 3900
Chicago, IL 60606
(312) 984-3100 (phone)
(312) 984-3150 (fax)

6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on 1st day of June 1, 2022, a true and correct copy of the foregoing was delivered via electronic mail and via U.S. Mail, postage-pre-paid, to the following:

| | |
|---|---|
| Patrick A. Salvi, II<br>SALVI, SCHOSTOK & PRITCHARD P.C.<br>161 N. Clark St., Suite 4700<br>Chicago, IL 60601<br>Psalvi2@salvilaw.com | Michael J. Warshauer<br>Jasper Abbott<br>WARSHAUER LAW GROUP, P.C.<br>2740 Bert Adams Road<br>Atlanta, GA 30339<br>mjw@warlawgroup.com<br>jasper@warlawgroup.com |

/s/ *Matthew F. Singer*

ATTORNEY FOR DEFENDANTS LKQ
CORPORATION AND KEYSTONE
AUTOMOTIVE OPERATIONS, INC.