# EXHIBIT A

FILED DATE: 5/13/2022 1:53 PM  2022L004340

FILED
5/13/2022 1:53 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
Calendar, C
17893438

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| NOAH FREDDIE STEWART and PHYLLIS BURCHFIELD STEWART, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) No.: 2022L004340<br>) |
| LKQ CORPORATION d/b/a LKQ SPECIALITY PRODUCTS GROUP, and KEYSTONE AUTOMOTIVE OPERATIONS, INC., | )<br>)<br>)<br>) |
| Defendants. | |

## COMPLAINT AT LAW

**NOW COME** the Plaintiffs NOAH FREDDIE STEWART and PHYLLIS BURCHFIELD STEWART, his wife, by and through their attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., and WARSHAUER LAW GROUP, P.C., and complaining of the Defendants, LKQ CORPORATION d/b/a LKQ SPECIALITY PRODUCTS GROUP, and KEYSTONE AUTOMOTIVE OPERATIONS, INC., state as follows:

## PARTIES AND JURISDICTION

1. Plaintiff NOAH FREDDIE STEWART is a resident of the city of Robbinsville, Graham County, North Carolina and a citizen of the State of North Carolina.

2. Plaintiff PHYLLIS BURCHFIELD STEWART is a resident of the city of Robbinsville, Graham County, North Carolina and a citizen of the State of North Carolina.

3. At all material times, Plaintiffs NOAH FREDDIE STEWART and PHYLLIS BURCHFIELD STEWART were married as husband and wife.

FILED DATE: 5/13/2022 1:53 PM   2022L004340

4. Defendant LKQ CORPORATION does business as LKQ SPECIALITY PRODUCTS GROUP (hereinafter "LKQ") is a Delaware corporation with its principal place of business located at 500 West Madison Street, Suite 2800, Chicago, Cook County, Illinois.

5. Defendant KEYSTONE AUTOMOTIVE OPERATIONS, INC. (hereinafter KEYSTONE), is believed to be a wholly owned subsidiary of LKQ, is a Pennsylvania corporation with its principal place of business located at 500 West Madison Street, Suite 2800, Chicago, Cook County, Illinois.

6. Defendants LKQ and KEYSTONE designed, manufactured, and distributed the Zero Gravity Chair product that is the subject of this action to Dalton RV in Dalton, Georgia.

7. Dalton RV sold the Zero Gravity Chair to Plaintiffs.

8. Plaintiffs used the Zero Gravity Chair in Tennessee and were injured while doing so.

9. Defendants LKQ and KEYSTONE committed a tortious act in Cook County, Illinois by designing, creating the warnings, and testing for safety the Zero Gravity Chair that was in an unreasonably dangerous condition at the time it was used by NOAH FREDDIE STEWART.

10. Defendant, LKQ has been duly and appropriately served with this lawsuit as allowed by law.

11. Defendant, KEYSTONE has been duly and appropriately served with this lawsuit as allowed by law.

12. Venue is proper in this Court because the most significant portion of the alleged tortious acts and omissions that lead to this cause of action occurred in this state and in this county.

**FACTS AND GENERAL ALLEGATIONS**

13. Faulkner Zero Gravity Chairs are designed and manufactured by Defendants LKQ and KEYSTONE.

2

FILED DATE: 5/13/2022 1:53 PM   2022L004340

14. The Faulkner Zero Gravity Chairs relevant to this action had been sold, as a wholesale transaction, to Dalton RV by KEYSTONE with intent that they would eventually be sold by Dalton RV to retail customers in Georgia.

15. On February 20, 2021, Plaintiffs (the sales documents list PHYLLIS BURCHFIELD STEWART as the purchaser) purchased a travel trailer from Dalton RV and received as part of the deal two Faulkner Zero Gravity Chairs.

16. On June 28, 2021, when Plaintiff NOAH FREDDIE STEWART was using the Zero Gravity Chair at the Two Rivers RV Resort campground in Sevierville, TN the Zero Gravity Chair collapsed and caused him to violently impact the concrete surface upon which it was being used. ("the injury causing event").

17. During the injury causing event, when Plaintiff NOAH FREDDIE STEWART impacted the concrete surface, his back bones were fractured and his spinal cord was injured leaving him paralyzed from the waist down.

18. Defendants LKQ and KEYSTONE designed, manufactured, and created the warnings and instructions for the Zero Gravity Chair being used by Plaintiff NOAH FREDDIE STEWART at the time of the injury causing event.

19. The Zero Gravity Chair was designed so that it appeared to be fully open and stable even though in fact it was not fully open and stable.

20. The Zero Gravity Chair was designed so that if it was not fully opened and stable, when the legs shifted in response to the user's weight and movement, the user's center of gravity moved outside the base of stability necessary for the Zero Gravity Chair to be safely used and the Zero Gravity Chair collapsed in response.

21. The Zero Gravity Chair was not in compliance with industry standards, the demands of reasonable care, or industry practices for zero gravity chairs.

3

22. In contrast to the subject Zero Gravity Chair, the base of stability in most, if not all, similar zero gravity chair products will expand if the chairs are used in a less than fully opened condition reducing, not increasing, the likelihood that the chairs will collapse in response to the user's weight and movement.

23. It would not negatively affect the utility of the subject Zero Gravity Chair to have been designed so that if it was used when not fully and completely opened that movement of the legs in response to the user's weight and movement would actually increase the base of stability for the Zero Gravity Chair and reduce the likelihood that it would collapse.

24. Plaintiff NOAH FREDDIE STEWART has incurred in the past, and will incur in the future, medical and life care expenses for surgeries, adaptive equipment, home care and other medical care needs.

25. In addition to past and future medical and hospital expenses, Plaintiff NOAH FREDDIE STEWART has also suffered a loss of earnings from the date of his injury to the date of trial; loss of future earning capacity from the date of trial over his work life expectancy; loss of function of his body from the date of his injury until the time of trial; loss of function of his body from the date of trial over his normal life expectancy; past physical and mental pain and suffering from the date of his injury to the date of trial; and future physical and mental pain and suffering over his normal life expectancy. Plaintiff NOAH FREDDIE STEWART's past and future physical pain and suffering includes, but is not limited to, unpleasant feelings, bodily distress or uneasiness, bodily suffering, sensations or discomfort. Plaintiff NOAH FREDDIE STEWART's past and future mental pain and suffering includes, but is not limited to, mental anguish, nervousness, worry, anxiety, irritability, disappointment, depression, confusion, disorientation, apprehension, embarrassment, loss of enjoyment of life, a feeling of uselessness, or emotional distress.

4

## COUNT ONE
## NOAH FREDDIE STEWART V. LKQ CORPORATION d/b/a LKQ SPECIALITY PRODUCTS GROUP and KEYSTONE AUTOMOTIVE OPERATIONS, INC.
## STRICT PRODUCTS LIABILITY IN THAT THE RISK EXCEEDS THE UTILITY OF THE PRODUCT

26. Plaintiffs re-allege and incorporate by reference paragraphs 1-25 of the Complaint as if they were fully restated verbatim herein.

27. Defendants LKQ and KEYSTONE design, manufacture, market, and sell Zero Gravity Chairs for use and consumption, and Defendants LKQ and KEYSTONE designed, manufactured, marketed, and sold the subject Zero Gravity Chair.

28. The subject Zero Gravity Chair was defective at the time it was sold by Defendants LKQ and KEYSTONE and at the time it left Defendants LKQ's and KEYSTONE's control.

29. The subject Zero Gravity Chair was expected to reach the user without substantial change in the condition in which it was sold.

30. The subject Zero Gravity Chair did reach the user without substantial change in the condition in which it was sold.

31. Plaintiff NOAH FREDDIE STEWART was a person who would reasonably be expected to use or be affected by the subject Zero Gravity Chair, and Plaintiff NOAH FREDDIE STEWART used the subject Zero Gravity Chair in a safe and/or foreseeable fashion.

32. Defendants LKQ and KEYSTONE are liable to Plaintiffs for their defective Zero Gravity Chair product as follows:

    a. Defendants LKQ and KEYSTONE sold and distributed the Zero Gravity Chair;

    b. LKQ and KEYSTONE were engaged in the business of selling and distributing the Zero Gravity Chair;

    c. The Zero Gravity Chair was in a defectively designed condition at the time it left Defendants LKQ's and KEYSTONE's control;

FILED DATE: 5/13/2022 1:53 PM   2022L004340

d. The subject Zero Gravity Chair was unreasonably dangerous to Plaintiff NOAH FREDDIE STEWART as the user of the product;

e. A reasonable alternative safer design in the form of a chair that did not collapse when used in a similar manner could have been practically adopted at the time of sale and distribution of the Zero Gravity Chair;

f. A reasonable alternative safer design in the form of legs that did not dangerously change the base of stability of the Zero Gravity Chair could have been practically adopted at the time of sale and distribution of the Zero Gravity Chair;

g. The warnings and instructions that were included with the Zero Gravity Chair were inadequate to warn NOAH FREDDIE STEWART of the dangers associated with the design of the Zero Gravity Chair and how to avoid them;

h. The alternative design(s) and adequate warnings and instructions would have reduced or avoided the foreseeable risks of harm posed by the Zero Gravity Chair;

i. The omission of the alternative design(s) and adequate warnings and instructions rendered the Zero Gravity Chair not reasonably safe;

j. The alternative design(s) and warnings and instructions would have prevented Plaintiff NOAH FREDDIE STEWART's harm;

k. The design defect(s) and lack of proper and adequate warnings and instructions were the cause of Plaintiff NOAH FREDDIE STEWART's damages.

33. As a direct and proximate result of the design defects in the subject Zero Gravity Chair for which there were reasonable alternative designs that reduced the risk without negatively affecting the utility of the Zero Gravity Chair, Plaintiff NOAH FREDDIE STEWART suffered bodily injury that is permanent within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing condition.

6

WHEREFORE, the Plaintiff, NOAH FREDDIE STEWART, demands judgment against Defendants, LKQ CORPORATION d/b/a LKQ SPECIALITY PRODUCTS GROUP, and KEYSTONE AUTOMOTIVE OPERATIONS, INC., in an amount in excess of FIFTY-THOUSAND DOLLARS ($50,000.00), together with the costs of this action.

### COUNT TWO
### NOAH FREDDIE STEWART V. LKQ CORPORATION d/b/a LKQ SPECIALITY PRODUCTS GROUP and KEYSTONE AUTOMOTIVE OPERATIONS, INC. STRICT PRODUCTS LIABILITY IN THAT THE RISK VIOLATES THE EXPECTATIONS OF CONSUMERS AND USERS OF THE PRODUCT

34. Plaintiffs re-allege and incorporate by reference paragraphs 1-33 of the Complaint as if they were fully restated verbatim herein.

35. Defendants LKQ and KEYSTONE designed, manufactured, marketed, and sold the Zero Gravity Chair for use and consumption, and Defendants designed, manufactured, marketed, and sold the subject Zero Gravity Chair.

36. The subject Zero Gravity Chair was defective at the time it was sold by Defendant LKQ and at the time it left Defendant LKQ's control.

37. The subject Zero Gravity Chair was expected to reach the user without substantial change in the condition in which it was sold.

38. The subject Zero Gravity Chair did reach the user without substantial change in the condition in which it was sold.

39. Plaintiff NOAH FREDDIE STEWART was a person who would reasonably be expected to use or be affected by the subject Zero Gravity Chair, and Plaintiff NOAH FREDDIE STEWART used the subject Zero Gravity Chair in a safe and/or foreseeable fashion.

40. Defendants LKQ and KEYSTONE are liable to Plaintiffs for the defective Zero Gravity Chair product as follows:

    a.    Defendants LKQ and KEYSTONE sold and distributed the Zero Gravity Chair;

    b.    Defendants LKQ and KEYSTONE were engaged in the business of selling and distributing the Zero Gravity Chair;

    c.    The Zero Gravity Chair was in a defectively designed condition at the time it left Defendants LKQ's and KEYSTONE's control;

    d.    The subject Zero Gravity Chair was unreasonably dangerous to Plaintiff NOAH FREDDIE STEWART as the user of the product;

    e.    Plaintiff NOAH FREDDIE STEWART and others similar to him reasonably expected the Zero Gravity Chair to be stable and safe;

    f.    The subject Zero Gravity Chair was unreasonably dangerous to Plaintiff NOAH FREDDIE STEWART because it failed to perform in a manner as safely as reasonably expected;

    g.    The design defect(s) were the cause of Plaintiff Noah Freddie Stewart's damages.

41. As a direct and proximate result of the design defects in the subject Zero Gravity Chair that were unreasonable given the expectations of consumers like Plaintiff NOAH FREDDIE STEWART, Plaintiff NOAH FREDDIE STEWART suffered bodily injury that is permanent within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing condition.

WHEREFORE, the Plaintiff, NOAH FREDDIE STEWART, demands judgment against Defendants, LKQ CORPORATION d/b/a LKQ SPECIALITY PRODUCTS GROUP, and KEYSTONE AUTOMOTIVE OPERATIONS, INC., in an amount in excess of FIFTY-THOUSAND DOLLARS ($50,000.00), together with the costs of this action.

## COUNT THREE
## NOAH FREDDIE STEWART V. LKQ CORPORATION d/b/a LKQ SPECIALITY PRODUCTS GROUP and KEYSTONE AUTOMOTIVE OPERATIONS, INC.

8

**BREACH OF WARRANTY**

42. Plaintiffs re-allege and incorporate by reference paragraphs 1 - 41 of the Complaint as if they were fully restated verbatim herein.

43. Defendants LKQ and KEYSTONE designed, manufactured, marketed, and sold the Zero Gravity Chair for use and consumption, and Defendants designed, manufactured, marketed, and sold the subject Zero Gravity Chair.

44. Defendants LKQ and KEYSTONE impliedly warranted that the Zero Gravity Chair was of merchantable quality pursuant to all applicable provisions of the applicable Uniform Commercial Code.

45. On the day Plaintiff NOAH FREDDIE STEWART was caused to be injured, Defendants LKQ and KEYSTONE breached the implied warranty of merchantability in that the Zero Gravity Chair was not of merchantable quality.

46. As a direct and proximate result of the Defendants' breach of the implied warranty of merchantability relating to the subject Zero Gravity Chair Plaintiff NOAH FREDDIE STEWART suffered bodily injury that is permanent within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing condition.

WHEREFORE, the Plaintiff, NOAH FREDDIE STEWART, demands judgment against Defendants, LKQ CORPORATION d/b/a LKQ SPECIALITY PRODUCTS GROUP, and KEYSTONE AUTOMOTIVE OPERATIONS, INC., in an amount in excess of FIFTY-THOUSAND DOLLARS ($50,000.00), together with the costs of this action.

FILED DATE: 5/13/2022 1:53 PM  2022L004340

### COUNT FOUR
### PHYLLIS BURCHFIELD STEWART V. LKQ CORPORATION d/b/a LKQ SPECIALITY PRODUCTS GROUP and KEYSTONE AUTOMOTIVE OPERATIONS, INC.
### LOSS OF SPOUSAL CONSORTIUM

47. Plaintiffs re-allege and incorporate by reference paragraphs 1-46 of the Complaint as if they were fully restated verbatim herein.

48. At all times relevant to this action, Plaintiff NOAH FREDDIE STEWART has been the spouse of Plaintiff PHYLLIS BURCHFIELD STEWART.  As the spouse of NOAH FREDDIE STEWART, PHYLLIS BURCHFIELD STEWART had a right to the intangible benefits of NOAH FREDDIE STEWART's company, cooperation, conjugal fellowship, affection and aid, including the tangible benefits of general usefulness, industry, and attention within the home and family.

49. As a direct and proximate result of the Defendants' wrongful and negligent conduct, Plaintiff NOAH FREDDIE STEWART suffered bodily injury that is permanent within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing condition.  As a result of these injuries to her husband, Plaintiff PHYLLIS BURCHFIELD STEWART has been deprived of her right to spousal consortium and will incur those losses in the future.

WHEREFORE, the Plaintiff, PHYLLIS BURCHFIELD STEWART, demands judgment against Defendants, LKQ CORPORATION d/b/a LKQ SPECIALITY PRODUCTS GROUP, and KEYSTONE AUTOMOTIVE OPERATIONS, INC., in an amount in excess of FIFTY-THOUSAND DOLLARS ($50,000.00), together with the costs of this action.

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues related to these claims.

FILED DATE: 5/13/2022 1:53 PM    2022L004340

Respectfully submitted,

/s/ Patrick A. Salvi, II
Patrick A. Salvi, II
SALVI, SCHOSTOK & PRITCHARD P.C.
161 North Clark Street, Suite 4700
Chicago, Illinois 60601
(312) 372-1227
Psalvi2@salvilaw.com
Firm No: 34560

Michael J. Warshauer
Jasper Abbott
Warshauer Law Group, P.C.
2740 Bert Adams Road
Atlanta, GA 30339
(404) 892-4900
mjw@warlawgroup.com
jasper@warlawgroup.com
Pro Hac Vice Motions to be Filed

11